DA 11-0580

IN THE SUPREME COURT OF THE STATE OF MONTANA

2012 MT 214N

IN RE THE MARRIAGE OF
KELLI M. WEBB, n/k/a KELLI STAPLETON,

       Petitioner and Appellee,

  and

LYMAN D. WEBB,

       Respondent and Appellant.

APPEAL FROM:    District Court of the Nineteenth Judicial District,
                In and For the County of Lincoln, Cause No. DR-02-29
                Honorable Michael C. Prezeau

COUNSEL OF RECORD:

       For Appellant:

           Katherine P. Maxwell, Maxwell Law, PLLC, Kalispell, Montana

       For Appellee:

           Jack E. Sands, Sands Law Office, Billings, Montana

                          Submitted on Briefs:  August 22, 2012

                                  Decided:  September 27, 2012

Filed:

                _____
                           Clerk

Justice Patricia O. Cotter delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

## FACTUAL AND PROCEDURAL BACKGROUND

¶2 Kelli Stapleton and Lyman Webb married on July 3, 1983. In 2002, the couple sought dissolution. By that time, their three children had reached adulthood. The parties filed as co-petitioners and pursued expedited summary dissolution under §§ 40-4-130 through -136, MCA (2001). A decree of dissolution was entered on May 13, 2002, adopting and approving the parties' Separation and Property Settlement Agreement (PSA). Under the applicable statutes, however, the couple did not actually qualify for summary dissolution because they had assets valued in excess of $25,000, owned real property, and the PSA awarded maintenance to Kelli.

¶3 Between 2002 and 2004, at Kelli's request, the court entered four amended decrees of dissolution. When Kelli retained a lawyer in 2007 and filed a motion for a fifth amended decree, Lyman retained counsel and objected. After the District Court denied Kelli's motion, she moved to set aside all previously-filed decrees and judgments. The District Court granted her motion pertaining to all matters except the status of the marriage.

2

¶4     The District Court conducted a bench trial in July 2008. Shortly thereafter, it issued its Findings of Fact, Conclusions of Law, and Order, in which it divided many of the couples' assets in accordance with their 2002 agreement. The court also awarded Kelli 50% of Lyman's federal employee retirement benefits and 50% of his thrift saving plan, and required that Kelli be named as beneficiary of 50% of the proceeds of Lyman's life insurance. Lastly, the court awarded maintenance to Kelli for her lifetime or until she remarried. Both parties are disabled and are receiving Social Security disability benefits and neither party had remarried at the time of the proceeding.

¶5     In September 2011, Lyman filed his notice of appeal arguing the District Court did not make the requisite findings of fact pertaining either to his ability to pay maintenance or to Kelli's need for such maintenance. We affirm.

## ISSUE

¶6     A restatement of the issue is whether the District Court erred in awarding Kelli maintenance for life or until she remarries.

## STANDARD OF REVIEW

¶7     We review a district court's findings of fact regarding a division of marital assets to determine whether the findings are clearly erroneous. Findings are clearly erroneous if: (1) they are not supported by substantial evidence; (2) the district court misapprehended the effect of the evidence; or (3) the district court made a mistake. We review a district court's conclusions of law to determine whether the conclusions are correct. If the findings are not clearly erroneous, then the court's division of property

3

will be affirmed unless there is an abuse of discretion. *In re Caras*, 2012 MT 25, ¶ 18, 364 Mont. 32, 270 P.3d 48.

## DISCUSSION

¶8 Section 40-4-203, MCA (2001), sets forth the guidelines for awarding maintenance to a party upon marital dissolution. It provides, in relevant part:

(1) In a proceeding for dissolution of marriage . . . , the court may grant a maintenance order for either spouse only if it finds that the spouse seeking maintenance:
    (a) lacks sufficient property to provide for his reasonable needs; and
    (b) is unable to support himself through appropriate employment or is the custodian of a child whose condition or circumstances make it appropriate that the custodian not be required to seek employment outside the home.
    (2) The maintenance order must be in such amounts and for such periods of time as the court deems just, without regard to marital misconduct, and after considering all relevant facts, including:
    (a) the financial resources of the party seeking maintenance, including marital property apportioned to him, and his ability to meet his needs independently, including the extent to which a provision for support of a child living with the party includes a sum for that party as custodian;
    (b) the time necessary to acquire sufficient education or training to enable the party seeking maintenance to find appropriate employment;
    (c) the standard of living established during the marriage;
    (d) the duration of the marriage;
    (e) the age and the physical and emotional condition of the spouse seeking maintenance; and
    (f) the ability of the spouse from whom maintenance is sought to meet his needs while meeting those of the spouse seeking maintenance.

¶9 As required by statute, before granting an order of maintenance, a district court must find that the party seeking maintenance lacked sufficient property to provide for her reasonable needs and is unable to support herself through appropriate employment. The District Court in the case before us addressed both factors of § 40-4-203(1), MCA (2001), by finding that Kelli's rental property holdings were generating just enough income to

4

pay the mortgages on the properties. Additionally, the court found that Kelli's "disability is quite limiting," and despite the fact that Kelli worked part-time, the court concluded that "Kelli has needs that cannot be met through employment, Social Security benefits, or a return on her real estate investments." We conclude the District Court satisfied the requirements of § 40-4-203(1)(a)-(b), MCA (2001).

¶10 Turning to the requirements set forth in § 40-4-203(2)(a)-(f), MCA (2001), the District Court addressed each of these factors in a manner that supports its award of maintenance. Notably, the court concluded based upon the evidence in the record, that Kelli, who was 52 years old at the time of trial, had a "disabling medical condition [that] is not likely to improve and could further decline. . . . [A]nd even though she has employment skills, her medical condition makes it unlikely that she will ever be able to maintain more than part-time employment." On the other hand, Lyman "is assured of a continuing stream of income throughout his lifetime from a combination of workers' compensation, social security, and retirement benefits. Lyman will also be entitled to receive a small pension from his employment for General Motors at age 66 or 67 . . . ." Based upon these and other findings and conclusions, the District Court awarded Kelli maintenance of $500 per month for her lifetime or until she remarries. Given the evidence presented, this was neither error nor an abuse of discretion.

¶11 We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our Internal Operating Rules, which provides for noncitable memorandum opinions. The District Court's findings of fact are supported by substantial evidence and the legal issues

5

are controlled by settled Montana law, which the District Court correctly interpreted. Furthermore, there was no abuse of discretion.

¶12    We affirm.

/S/ PATRICIA COTTER

We concur:

/S/ MIKE McGRATH
/S/ BETH BAKER
/S/ MICHAEL E WHEAT
/S/ JIM RICE